UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN HOME ASSURANCE CO. a/s/o
OCE PRINTING SYSTEMS GmbH,       :

                Plaintiff,       :       MEMORANDUM AND ORDER

      -v-       :       06 Civ. 6389 (JLC)

KUEHNE & NAGEL (AG & CO.) KG,       :       ECF Case

                Defendant.       :
------------------------------------------------------------X

JAMES L. COTT, United States Magistrate Judge.

      Plaintiff American Home Assurance Company ("AHAC") commenced this action against Defendant Kuehne & Nagel (AG & Co.) KG ("KNAG") on August 23, 2006 seeking to recover losses due to alleged damage to cargo transported by air. After KNAG moved for dismissal and AHAC cross-moved for summary judgment, Magistrate Judge Eaton, to whom the case had been assigned for all purposes pursuant to 28 U.S.C. § 636(c), issued an Opinion and Order dated September 29, 2009 ("the Opinion") and entered judgment in favor of KNAG and against AHAC on October 22, 2009 ("the Judgment").

      AHAC filed a notice of appeal on November 20, 2009, and the appeal was docketed under number 09-4844-cv. The parties subsequently stipulated to a withdrawal of the appeal from active consideration by the Court of Appeals, such withdrawal to be without prejudice to a reactivation of the appeal by May 17, 2010. The parties advised this Court by letter dated April 1, 2010 that they would like to settle this case without a determination on the merits by the Court of Appeals, but that the proposed settlement is "wholly conditional" on the withdrawal of the Opinion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. If the Opinion and the Judgment are vacated, the parties report that they have agreed to file stipulations of dismissal

with prejudice of both the pending appeal and the district court action promptly thereafter. Following receipt of the letter, the Court directed the parties to submit a memorandum of law setting forth the points and authorities they relied on as well as addressing whether the Court had jurisdiction over the motion. The parties submitted a joint memorandum of law dated April 26, 2010.[1]

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief." In applying this rule, courts are to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). While "such relief is addressed to the sound discretion of the district court," id., it is considered "extraordinary judicial relief" that may be "invoked only upon a showing of exceptional circumstances." Id.; accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6) [of Rule 60(b)], a party must show 'extraordinary circumstances' . . . .").

The Supreme Court has held that "exceptional circumstances" must exist because "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994) (citation omitted). The burden is on the party or parties seeking vacatur to show that such relief "is equitably justified by exceptional circumstances." Microsoft

---

[1] As the joint memorandum does not appear to have been filed on the docket, the parties are directed to file it by ECF forthwith.

Corp. v. Bristol Tech, Inc., 250 F.3d 152, 154 (2d Cir. 2001) (citing Major League Baseball Props. Inc. v. Pac. Trading Cards Inc., 150 F.3d 149, 151 (2d Cir. 1998) ("Major League Baseball")).

In order to meet their burden, and to justify vacatur, the parties offer the following reasons in support of their motion: first, the parties argue that the Opinion "determined a limited fact-sensitive issue of law," to wit, "whether a specifically worded notation on a particularly formatted delivery receipt that noted damage in the manner that it did here was sufficient to constitute notice that the contents of those packages were damaged." Memorandum of Law in Support of the Parties' Joint Motion ("Joint Memorandum") at 5. Because the Opinion turned largely on the exact choice of wording used on the delivery receipt, the parties contend that the case has limited precedential value. Thus, they claim, the public interest in the development of decisional law is not implicated by the proposed vacatur.

Second, the parties advance the argument that the judicial resources expended in the preparation of the Opinion were limited because the case was resolved before any trial on the merits. They suggest that if the case were to proceed, substantial judicial resources would be involved, in the Circuit and potentially in the district court as well. Thus, they contend that vacatur is in the interest of judicial economy. Joint Memorandum at 5-6.

Finally, the parties suggest that vacatur here will not deter frivolous disputes. They claim that their agreement to settle in advance of a decision on the merits implicitly recognizes that the Second Circuit might find a basis for reversing the Opinion. Id. at 6.

For these reasons, the parties contend that the overall public interest favors vacatur. In addition, they submit that their private interest favors vacatur, noting that even post-Bancorp the

3

Second Circuit has recognized that a private settlement may constitute an "exceptional circumstance" when the public interest in the to-be-vacated decision is *de minimis*. Id. at 6 (citing Microsoft Corp., 250 F.3d at 154 and Major League Baseball, 150 F.3d at 152) .

Having reviewed the joint memorandum and the cases cited therein, the Court finds that exceptional circumstances are present that counsel in favor of vacatur. The private interest of the parties in settling this case outweighs any public interest in preserving the finality of the judgment and the development of decisional law.

As a threshold matter, the public interest in preserving the Opinion is relatively small, given the narrow issues resolved in the Opinion. The Opinion does not involve a novel issue of law, nor does it address an issue that is likely to be revisited with any regularity.[2] In addition, to allow vacatur here would avoid the expenditure of scarce judicial resources, both in the Court of Appeals, and potentially in this Court were the Opinion reversed and remanded. While courts do not always agree to vacatur,[3] it is nonetheless true that some courts "have undeniably been more flexible where vacatur would bring an end to the tortured history of a litigation, opening a door to settlement by relieving some party from having to fight an undesirable ruling on appeal." Barry v. Atkinson, 193 F.R.D. 197, 200 (S.D.N.Y. 2000). See also In re Take-Two Interactive Sec.

---

[2] The Court recognizes, and the Circuit has pointed out, that nothing in Bancorp suggests that, at the request of the parties, an appellate court is "supposed to examine a district court decision and vacate it when [the court] do[es] not think it to be of particular importance." ATSI Communic'ns, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 114 (2d Cir. 2008). If the only argument the parties advanced in favor of vacatur was that the district court decision was insignificant, the Court would not be inclined to grant vacatur.

[3] Indeed, since Major League Baseball, according to at least one judge, "far more district courts within this Circuit have issued decisions denying vacatur than approving it." Young v. Cooper Cameron Corp., No. 04 Civ. 5968 (LTS)(GWG), 2008 WL 1748462, at *3 (S.D.N.Y. Apr. 15, 2008) (Report and Recommendation) (citing cases).

4

Litig., No. 06 Civ. 803 (SWK), 2008 WL 3884360, at *1 (S.D.N.Y. Aug. 21, 2008) (vacatur warranted because of "weak public interest" in continued publication of special master determination). It is also worth noting that nonparties would not be impacted by vacatur in this case. See Tommy Hilfiger Licensing, Inc. v. Costco Co., No. 99 Civ. 3894 (LMM)(JCF), 2002 WL 31654958, at *2 (S.D.N.Y. Nov. 25, 2002) ("It has been suggested that in some cases, vacatur should be denied if the decision might allow for issue preclusion in favor of nonparties") (citing cases). Finally, it is of at least some consequence that both parties seek vacatur. See Major League Baseball, 150 F.3d at 152 ("Unlike Bancorp, the victor in the district court wanted a settlement as much as, or more than, the loser did"). Nothing before the Court suggests that the parties are attempting to "game the system" in some fashion. See 13C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure, § 3533.10.2 at 597 (3d ed. 2008) ("concern for precedent may take on a special tone when a court suspects that an institutional litigant seeks to manipulate the growth of the law by settling out unfavorable rulings – perhaps at a premium – and awaiting favorable rulings in sympathetic cases to press on for appellate decision").

In sum, the interests of the parties favor vacatur, and the Court cannot identify a public interest that would be substantially harmed by granting the motion for relief under Rule 60(b)(6). However, that is not the end of the analysis. There remains a jurisdictional impediment to this Court granting relief, given that the case is pending in the Second Circuit. As the parties recognize, the Court may only grant the motion for relief from judgment if the Circuit remands the case. Joint Memorandum at 3. To that end, the parties request that the Court follow the procedure endorsed in Toliver v. County of Sullivan, 957 F.2d 47 (2d Cir. 1992). In Toliver, the

Circuit reversed a district court decision that had granted a defendant's motion to reopen a judgment and assessed attorney's fees because the district court had lacked jurisdiction to do so given that a notice of appeal had already been filed. It observed that it was well-settled that "the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" Id. at 49 (quoting Ryan v. United States Line Co., 303 F.2d 430, 434 (2d Cir. 1962)). The Circuit instructed that "before the district court may grant a rule 60(b) motion [once an appeal has been filed], this court must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." Toliver, 957 F.2d at 49.

Consistent with Toliver's instructions, the Court indicates that, for the reasons previously stated, it would be willing to grant the parties' motion pursuant to Rule 60(b)(6) to vacate the Opinion and the Judgment if the Court of Appeals confers jurisdiction upon this Court by remand. See Call Center Techs., Inc. v. Grand Adventures Tour & Travel Pub'g Corp., No. 3:03 CV 1036 (DJS), 2009 WL 1588438, at *2 (D. Conn. June 5, 2009) (Toliver's instructions require "odd procedure because it asks the Court to tentatively decide a motion in a situation where the Court does not necessarily have jurisdiction to rule on it"); Thompson v. County of Franklin, 180 F.R.D. 216, 220 (N.D.N.Y. 1998) (if inclined to grant Rule 60(b) motion while appeal is pending, court should "give an 'express indication' that it intends to do so, but the court [should] not actually grant such relief" until such time as the Circuit remands for that purpose). Thus, mindful of its limited role at this stage, the Court does not actually grant vacatur at this time, but expressly indicates that, provided the Court of Appeals remands this matter for such a purpose, the Rule 60(b) motion to vacate will be granted, and the Court's Opinion and Judgment will be

vacated. If the Court of Appeals does remand this matter, the Court will then issue an order granting the Rule 60(b) motion.

Dated: New York, New York
May 7, 2010

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been sent by ECF to the following:**

Charles E. Schmidt, Esq.
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 402
New York, NY 10038

Ernest H. Gelman, Esq.
Law Offices of Ernest H. Gelman
350 Fifth Avenue, Suite 4908
New York, NY 10118