S:\FILES\5089_OCE-NAVL+K&N\5089_JM_VACATE.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, A/S/O) OCE PRINTING SYSTEMS GMBH | |
| Plaintiff, | ECF CASE |
| - v. - | 06 Civ. 6389 (JLC) |
| KUEHNE & NAGEL (AG & CO.) KG | |
| Defendant. | |

MEMORANDUM OF LAW IN SUPPORT
OF THE PARTIES' JOINT MOTION TO VACATE THE
SEPTEMBER 29, 2009 OPINION AND OCTOBER 22, 2009 JUDGMENT

Charles E. Schmidt
Nathan T. Williams
Ernst H. Gelman
    *of Counsel*

Table of Authorities

**Rules**

Fed. R. Civ. P. 60(b)(6).................................... 1, 4

**Cases**

*Bancorp. Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994) 4

*Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A.*, 606 F.2d 5, 6 n. 1 (2d Cir.1979)........ 3

*In re Take-Two Interactive Securities Litigation*, 2008 WL 3884360 (S.D.N.Y. 2008)....................................... 4

*Jeweler's Vigilance Comm., Inc. v. Vitale Inc.*, 177 F.R.D. 184, 187-88 (S.D.N.Y. 1998)......................................... 4

*Kim v. United States*, 903 F. Supp 1546 (S.D.N.Y. 1995)........ 2

*Major League Baseball Props., Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998)...................... 7

*Microsoft Corp. v. Bristol Tech. Inc.*, 250 F.3d 152, 154 (2d Cir. 2001)................................................ 4, 6

*Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962) ....................................................... 2, 3

*Toliver v. County of Sullivan*, 957 F.2d 47 (2d Cir. 1992)...... 3

*United States v. Reid,* 96 Cv. 2004 (ILG), 2000 WL 1843291...... 4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
                                     )
AMERICAN HOME ASSURANCE COMPANY,     )
(A/S/O) OCE PRINTING SYSTEMS GMBH    )
                                     )
                Plaintiff,           )
                                     )
         - v. -                      )    06 Civ. 6389 (JFC)
                                     )
KUEHNE & NAGEL (AG & CO.) KG         )
                                     )
                Defendant.           )
                                     )
─────────────────────────────────────
```

Pursuant to Fed. R. Civ. P. 60(b)(6), Plaintiff, American Home Assurance Company (hereinafter "AHAC") and Defendant, Kuehne & Nagel (AG & Co.) KG (hereinafter "KNAG"), submit this Memorandum of Law in support of the Parties' joint motion to vacate the District Court's September 29, 2009 Opinion and October 22, 2009 Judgment herein.

<u>FACTS</u>

AHAC commenced this action against KNAG seeking to recover losses due to alleged damage to cargo transported by air. In November 2008, the Parties cross-moved for summary judgment. Judge Eaton's September 29, 2009 Opinion and Order ("the Opinion") granted KNAG's motion and denied AHAC's. On October 22, 2009, the Court entered a judgment in favor of KNAG ("the Judgment").

Thereafter, AHAC filed an appeal, docketed 09-4844-CV, in the U.S. Court of Appeals for the Second Circuit.

The parties now wish to settle the matter before determination on the merits by the Second Circuit, provided this Court agrees to vacate the Opinion and the Judgment pursuant to Rule 60(b). The settlement is wholly conditional on this Court's *vacatur* of the Opinion and Judgment.

If the Order and Judgment are vacated, the parties have agreed to file stipulations of dismissal with prejudice of both the pending appeal and District Court action promptly thereafter.

<u>THIS COURT'S JURISDICTION</u>

The parties had originally contemplated a more informal approach to accomplishing their goal such as the order employed in *Kim v. United States*, 903 F. Supp 1546 (S.D.N.Y. 1995). However, as this Court pointed out, it presently lacks jurisdiction to grant the parties' requested relief because the docketing of an appeal ousts jurisdiction from the District Court except insofar as it is reserved to it explicitly by statute or rule. *Ryan v. United States Line Co.,* 303 F.2d 430, 434 (2d Cir. 1962).

Here, there is no statute or rule explicitly reserving jurisdiction to the District Court.

Therefore, this Court may only grant a motion for relief from judgment if the Second Circuit remands the case to the District Court. *See id*.

However, "if [the District Court expresses a determination to decide] . . . in favor of [the parties' motion to vacate], then and then only is the necessary remand by the court of appeals to be sought." *Id.* at 434; *see also Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A.*, 606 F.2d 5, 6 n. 1 (2d Cir.1979) (citing *Ryan*). Consistent with *Ryan*, the parties now seek to follow the procedure endorsed in *Toliver v. County of Sullivan*, 957 F.2d 47 (2d Cir. 1992).

Despite the fact that this Court lacks jurisdiction to grant the parties' requested 60(b) motion to vacate, this Court may indicate that it will grant such relief, and the parties may "then and only then" seek remand from the Second Circuit.

<u>CIRCUMSTANCES JUSTIFYING RELIEF</u>

Under Rule 60(b)(6), District Courts may relieve a party from an order for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, such relief is

3

available "only upon a showing of exceptional circumstances." *Bancorp. Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994)[1]; *Microsoft Corp. v. Bristol Tech. Inc.*, 250 F.3d 152, 154 (2d Cir. 2001).

In determining whether a proposed settlement constitutes an "exceptional circumstance" that justifies the vacatur of a District Court order, opinion, or judgment, courts weigh the private interests served by settlement and *vacatur* against the public interests prejudiced thereby.  *In re Take-Two Interactive Securities Litigation,* 2008 WL 3884360 (S.D.N.Y. 2008); *United States v. Reid,* 96 Cv. 2004 (ILG), 2000 WL 1843291, at *2-*3 (E.D.N.Y. Oct. 31, 2000); *Jeweler's Vigilance Comm., Inc. v. Vitale Inc.,* 177 F.R.D. 184, 187-88 (S.D.N.Y. 1998).

Under this balancing framework, the parties to this action maintain that *vacatur* is warranted because of the weak public interest in continued publication of the Order and Judgment and the strong private interest in *vacatur*.

Courts have recognized that *vacatur* may affect the public interest in the development of decisional precedent, the conservation of judicial resources, and the deterrence of frivolous disputes.  *See Reid,* 2000 WL 1843291, at *3.  *Vacatur* of

---

[1] Note that in *Bancorp. Mortgage Corp.*, the application for *vacatur* was opposed by one of the parties.

4

the Opinion and Judgment, however, does not implicate these considerations.

The Opinion determined a limited fact-sensitive issue of law in this dispute, namely whether a specifically worded notation on a particularly formatted delivery receipt that noted damage in the manner that it did here was sufficient to constitute notice that the contents of those packages were damaged. However, because the Opinion turned largely on the exact choice of wording used on the delivery receipt and that delivery receipt's format, this case has limited precedential value unless a subsequent dispute arises under an identically phrased notation on an identically formatted delivery receipt. Therefore, because *vacatur* of the Opinion would have such limited precedential affect on subsequent litigants, the public interests in the development of decisional law and finality of judgments are not implicated by *vacatur* here.

Additionally, the judicial resources expended to reach the Opinion were limited because the underlying issue in this non-jury matter was disposed of by summary judgment motion rather than a full trial on the merits. Indeed, should the case proceed, substantially more judicial (and party) resources will be expended in the Second Circuit. Further, if the Second Circuit reverses, even more resources will be devoted to determin-

ing the several issues raised, but left unresolved, by the Opinion. Therefore, *vacatur* is in the interest of judicial economy – not contrary to it.

Further, *vacatur* of the Opinion and Order will not deter frivolous disputes. The Parties' agreement to settle in advance of a decision on the merits implicitly recognizes that the Second Circuit might find a basis for reversing the Opinion. Recognition of this potential demonstrates that AHAC's position is not, in fact, frivolous.

Therefore, the public's interest in retaining the Opinion and Judgment is, at best, weak. Indeed, given the judicial economies to be achieved, the overall public interest arguably favors *vacatur.*

Conversely, the parties' private interest favors *vacatur.* The parties' agreement is wholly conditional on the Court's *vacatur* of the Opinion and Order. Despite the fact that the Second Circuit has recognized that the U.S. Supreme Court's *Bancorp.* decision "raised the bar" with respect to an **appellate** court's vacatur of a **lower court's** decision, in doing so, the Second Circuit still recognizes that private settlement may constitute an exceptional circumstance when the public interest in the to-be-vacated decision is *de minimis*. *See Microsoft Corp. v. Bristol Tech. Inc*., 250 F.3d 152, 154 (2d Cir. 2001) (Appel-

6

late court decision vacating district court's judgment as a condition of settlement on the unopposed application of one of the parties); *Major League Baseball Props., Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (Appellate court decision vacating district court's judgment on the joint application of the parties when such *vacatur* was a condition of settlement). Such *vacatur* permits the expeditious resolution of parties' disputes without the aid of further judicial proceedings.

The compelling nature of the parties' private interests in *vacatur* as evidenced by the joint nature of this request should persuade this Court to grant the parties' Rule 60(b) motion. That is, considering the public's *de minimis* interest in the Opinion and Order, the parties' private interests sufficiently demonstrate extraordinary circumstances warranting *vacatur* under Rule 60(b)(6).

## CONCLUSION

Ultimately, the Parties' agreement, if permitted to take effect, will moot the entire dispute in this case. Because the Parties' private interest in *vacatur* is more compelling than any countervailing public interest, the Parties ask the Court to enter a conditional Order that indicates this Court's disposition to grant the parties' motion should the Second Circuit remand the action to this Court for that purpose. A form of proposed conditional order is attached hereto for the Court's consideration.

Respectfully submitted,

| KENNEDY LILLIS SCHMIDT & ENGLISH | LAW OFFICES OF ERNEST H. GELMAN |
|---|---|
| *Attorneys for American Home Assurance Company* | *Attorneys for Kuehne & Nagel(AG & Co.) KG* |
| By: /s/ Charles E. Schmidt | By: /s/ Ernest H. Gelman by Nathan T. Wh... with permission |
| Charles E. Schmidt | Ernest H. Gelman |
| 75 Maiden Lane, Suite 402 | 350 Fifth Avenue, Suite 4908 |
| New York, NY 10038 | New York, New York 10118 |
| Tel: (212) 430-0800 | Tel: (212) 332-2345 |

Dates: April 26, 2010
       New York, New York

To:  IMAGE VIA E-MAIL
     Stanley A. Bass Esq.
     Staff Counsel
     Unites States Court of Appeals
     Stanley_Bass@ca2.uscourts.gov

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
                                       )
AMERICAN HOME ASSURANCE COMPANY,       )
(A/S/O) OCE PRINTING SYSTEMS GMBH      )
                                       )   PROPOSED CONDITIONAL
                  Plaintiff,           )         ORDER
                                       )
             - v. -                    )   06 Civ. 6389 (JLC)
                                       )
KUEHNE & NAGEL (AG & CO.) KG           )
                                       )
                  Defendant.           )
                                       )
───────────────────────────────────────
```

ORDER

1. WHEREAS, Plaintiff American Home Assurance Company (AHAC) commenced this action against Kuehne & Nagel (AG & Co.) KG (KNAG); and

2. WHEREAS, the parties cross-moved for summary judgment; and

3. WHEREAS, the Court issued an Opinion and Order dated September 29, 2009 ("the Opinion"), and entered judgment in favor of KNAG and against AHAC on October 22, 2009 ("the Judgment"); and

4. WHEREAS, AHAC filed a Notice of Appeal; and

5. WHEREAS, the parties conditionally have agreed to settle this matter on the basis of terms, among others, embodied in this Order; and

6. WHEREAS, the parties have moved the Court pursuant to Fed. R. Civ. P. 60(b)(6) to vacate the Opinion and Judgment; and

7. WHEREAS, the parties' agreement to settle is wholly contingent upon the Court's grant of the parties' Rule 60(b) Motion to Vacate the Opinion and Judgment; and

8. WHEREAS, this Court lacks jurisdiction to grant the parties' Rule 60(b) Motion to Vacate the Opinion and Judgment; and

9. WHEREAS, despite this lack of jurisdiction, this Court hereby indicates that it will grant the parties' Rule 60(b) Motion to Vacate if the U.S. Court of Appeals for the Second Circuit confers jurisdiction upon this Court by remand; and

10. WHEREAS, the parties have agreed to stipulate to the dismissal of the pending appeal in the U.S. Court of Appeals for the Second Circuit upon entry of an Order vacating the Opinion and Judgment; and

11. WHEREAS, the parties have agreed to stipulate to the dismissal of the pending District Court action after entry of an Order vacating the Opinion and Judgment; and

THEREFORE, it is hereby conditionally ORDERED that, provided the U.S. Court of Appeals for the Second Circuit remands this matter to this Court, the parties' Rule 60(b) Motion to Vacate will be granted, and that this Court's September 29, 2009 Opinion and October 22, 2009 Judgment will be vacated in their entirety and shall be of no force and effect.

Dated:  New York, New York
        April _____, 2010

                                                                                 _____
                                                                                       James L. Cott
                                                                             U.S. Magistrate Judge